A. Ross Pearlson, Esq.
Peter E. Nussbaum, Esq.
Joshua M. Lee, Esq.
CHIESA SHAHINIAN & GIANTOMASI PC
105 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: 973.325.1500
Facsimile: 973.325.1501
Email: rpearlson@csglaw.com; pnussbaum@csglaw.com; jlee@csglaw.com
*Attorneys for Plaintiff Spiro Plastic Surgery, L.L.C.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SPIRO PLASTIC SURGERY, L.L.C.,<br><br>      Plaintiff,<br><br>vs.<br><br>SPIROMD LLC and ALANA JOHN, MD,<br><br>      Defendants. | Civil Action No.:<br><br>*Document Electronically Filed*<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff, Spiro Plastic Surgery, L.L.C. ("Plaintiff") by and through its attorneys, for its complaint against defendants, SPIROMD LLC ("SL") and Alana John, MD ("AJM", together with SL, collectively "Defendants"), alleges as follows:

## NATURE OF ACTION

1.  This case arises out of Defendants' improper and illegal use of nearly identical marks to Plaintiff's well-known SPIRO mark. Defendants'

4914-3127-4910.v1

adoption and use of their infringing marks nearly 30 years after Plaintiff commenced use constitutes willful infringement and unfair competition.

2. Specifically, Plaintiff, under the name and mark SPIRO, operates one of the most well-known and successful medical practices in the cosmetic surgery and medical spa field in New Jersey. AJM recently began using the virtually identical names and marks SPIRO MD, SPIRO BEAUTY and SPIRO WELLNESS in connection with highly related and competitive beauty and wellness medical services in Succasunna, New Jersey. The similarities between the respective marks are undeniable, will confuse consumers and cause damage to Plaintiff and Plaintiff's long-senior mark.

3. Prior to filing this lawsuit, Plaintiff demanded that Defendants cease use of the infringing mark, and they refused. Accordingly, Plaintiff brings this action for unfair competition and other relief arising under the trademark laws of the United States, specifically 15 U.S.C. § 1051 et seq. (hereinafter "Lanham Act') and the laws of the State of New Jersey as well as common law service mark infringement.

## THE PARTIES

4. Plaintiff Spiro Plastic Surgery, L.L.C. is a limited liability company organized and existing under the laws of New Jersey with an address of 101 Old

2

Short Hills Road, Suite 510, West Orange, New Jersey 07052. Plaintiff's medical practice is located in West Orange, New Jersey.

5.    Plaintiff is the owner of the name and mark SPIRO, which mark it has used in connection with its medical practice since 1996.

6.    SPIROMD LLC is a limited liability company organized and existing under the laws of New Jersey with an address of 26 Corn Hollow Road, Succasunna, NJ 07876.

7.    Alana John MD is the sole physician and principal of SPIROMD LLC. Her medical practice under the mark SPIROMD is located at 26 Corn Hollow Road, Succasunna, NJ 07876.

8.    Defendants provide beauty and wellness medical services in New Jersey and advertise and promote their services in New Jersey.

## JURISDICTION, VENUE AND STANDING

9.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims arise under the trademark laws of the United States, 15 U.S.C. § 1051 et seq. This Court also has supplemental jurisdiction over Plaintiff's claims that arise under the laws of the State of New Jersey pursuant to 28 U.S.C. §§ 1338(b) and 1367.

10.    This Court has personal jurisdiction over the parties to this action because (i) Plaintiff's claims arise in this judicial district; (ii) Plaintiff and

3

Defendants are located within this judicial district; and (iii) and each party does substantial business within this judicial district.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arise in this judicial district, each party does substantial business in this judicial district, witnesses and evidence are located within this judicial district, and the acts complained of herein have taken place in this judicial district, including, but not limited to, Defendant's provision of competitive beauty and wellness medical services within this judicial district.

12.    Plaintiff has standing to bring this action pursuant to 15 U.S.C. § 1125(a) and the statutory and common laws of the State of New Jersey.

## PLAINTIFF'S MARK

13.    Plaintiff is the owner of the well-known service mark SPIRO ("Plaintiff's Mark"), which mark it has been continuously using since 1996 in connection with cosmetic surgery, plastic surgery, and medical spa services ("Plaintiff's Services").

14.    Plaintiff is one of the most well-known and successful medical practices in the cosmetic surgery and medical spa field nationally and in the State of New Jersey. Plaintiff's patient population consists of people throughout the State of New Jersey, the Tri-State area and elsewhere throughout the United States and the rest of the world.

4

15.    Plaintiff has invested a substantial amount of time, money, and other resources advertising, promoting, marketing, and publicizing Plaintiff's Services provided under Plaintiff's Mark. As a result of these substantial advertising, marketing and promotional efforts, coupled with Plaintiff's stellar reputation for providing award-winning services for its patients, Plaintiff's Mark has acquired substantial consumer recognition and goodwill. Plaintiff's Mark has become an important source indicator that identifies the high quality of Plaintiff's Services. For all of the foregoing reasons, Plaintiff's Mark is an exceedingly valuable asset of Plaintiff.

16.    Plaintiff's Mark has acquired distinctiveness under Section 2(f) of the Lanham Act, 15 U.S.C. § 1501 et seq., based on Applicant's substantially exclusive and continuous use of Applicant's Mark in commerce in connection with Plaintiff's Services since at least as early as 1996. Plaintiff's 30 years of continuous and prominent use of Plaintiff's Mark constitutes prima facie evidence of acquired distinctiveness. The United States Patent and Trademark Office has acknowledged that Plaintiff's Mark has acquired distinctiveness in the course of the prosecution of Plaintiff's Application Serial No. 99/257,671 (that is fully referenced below).

17.    Plaintiff's principal and chief physician Dr. Scott Spiro has been routinely recognized as one of the best physicians in his field. Specifically, Dr.

Spiro was recognized and voted as the Top Plastic Surgeon in New Jersey. Dr. Spiro was also selected as a "Top Doctor" in NJ Monthly Select Surgeons every year between 2013-2025 and was selected as one of NJ Monthly's Top Doctors in the years 2007, 2008, 2010-2025. In addition, Dr. Spiro, who serves as an Adjunct Professor for the Rutgers Plastic Surgery residents, was unanimously voted "Faculty Teacher of the Year" by the residents in 2024; has won America's Best Plastic Surgeon awards for Breast Augmentation, Eyelid Surgery, Facelift, Liposuction, and Rhinoplasty; appeared on the cover of NJ Monthly Top Docs Edition; was named by W Magazine as one of "The Best Plastic Surgeons by Body Part from Around the World" for his abdominoplasty flankplasty procedure. Plaintiff's "Med Spa," where Plaintiff's non-surgical procedures are performed, has been awarded as the top medical spa in Essex County, New Jersey. Dr. Spiro's continuous recognition by third-party media coverage over many years has created tremendous exposure and consumer goodwill for Plaintiff's Mark and Plaintiff's Services.

18.    Plaintiff is the owner of United States Service Mark Serial Nos. 99/257,671  covering Plaintiff's Mark in International Class 44 for *cosmetic and plastic surgery; plastic surgery services; medical spa services, namely, minimally and non-invasive cosmetic and body fitness therapies; performing non-invasive cosmetic medical procedures; cosmetic and plastic surgery-related medical*

6

*consultations, excluding telemedicine services; providing a web site featuring medical information*; and 99/259,220 for the mark SPIRO PLASTIC SURGERY SURGEON BY TRADE, ARTIST AT HEART and design in International Class 44 for *cosmetic and plastic surgery; plastic surgery services; medical spa services, namely, minimally and non-invasive cosmetic and body fitness therapies; performing non-invasive cosmetic medical procedures; cosmetic and plastic surgery-related medical consultations, excluding telemedicine services; providing a web site featuring medical information* (collectively "Plaintiff's Applications"). Printouts from the United States Patent and Trademark Office's ("USPTO") online databases of Plaintiff's Applications are attached hereto as **Exhibit A**.

19.    By virtue of Plaintiff's extensive and continuous and highly successful use of Plaintiff's Mark for thirty years, Plaintiff's Mark has come to be widely recognized by the public as identifying Plaintiff's medical practice and Plaintiff's Services.

20.    As a result of all of the foregoing, Plaintiff's Mark is entitled to a wide scope of protection.

### DEFENDANTS' INFRINGEMENT

21.    Decades after Plaintiff's commencement and substantial use of Plaintiff's Mark, subsequent to Plaintiff's Mark acquiring distinctiveness and

7

public recognition as identifying and distinguishing Plaintiff's Services from those of others, Defendants began using the virtually identical and confusingly similar marks SPIRO MD, SPIRO BEAUTY and SPIRO WELLNESS (the "Infringing Marks") in New Jersey in connection with identical and competitive beauty and wellness medical services.

22.    The Infringing Marks are virtually identical and confusingly similar to Plaintiff's Mark. All of the respective marks include the identical word "Spiro" as the dominant term and first word in the respective marks. The only difference between the respective marks are Defendants use of: (i) the generic letters MD, which stand for "medical doctor"; or (ii) the generic words "beauty" or "wellness." The addition of the letters MD (which indicate to consumers that Defendants are *also* providing medical services) do not serve to distinguish the respective marks. Moreover, the generic words "beauty" and "wellness" do not serve to distinguish the respective marks, as the generic word "beauty" connotes to consumers that the nature of Defendants' services are to enhance personal appearance, which services are identical to those provided by Plaintiff, and the generic word "wellness" indicates the basic nature of Defendants' services.

23.    The Infringing Marks appear prominently on Defendants' websites and social media pages, and, upon information and belief, exterior and internal signage at Defendants' offices.

24.     Defendants' medical practice is located in Succasunna, New Jersey, approximately 25 miles from Plaintiff's medical practice in West Orange, New Jersey. Both parties prominently advertise and promote their services online via their respective websites and via social media.

25.     Defendants claim on their website that the term "spiro" means "breathe" in Latin and that they selected the name as a nod to AJM's background in pulmonology. However, Defendants are not providing pulmonology services under the Infringing Marks and this "explanation" of the meaning of "spiro" is of no consequence based upon Plaintiff's long established and strong rights in the SPIRO mark in New Jersey and elsewhere. Defendants have no legitimate purpose for choosing the name SPIRO other than a blatant attempt to trade upon the strength of Plaintiff's SPIRO mark that has been established over thirty years.

26.     The services provided by Plaintiff and Defendants are identical and competitive with one another. Plaintiff operates one of the most well-known cosmetic, plastic surgery and medical spa practices in New Jersey. Plaintiff offers its patients both surgical procedures as well as non-surgical procedures such as Botox and Xeomin injections, injectable fillers, facial sculpting, laser treatments, and microneedling. Under the Infringing Marks, Defendants have been providing identical non-surgical medical procedures, such as Botox injections and dermal facial fillers. Attached hereto at **Exhibit B** are screen shots from Defendants'

9

website describing its provision of the identical and competitive services. Subsequent to receiving a cease-and-desist letter from Plaintiff, Defendants have taken down the pages from its website that describe Defendants' provision of the identical services. The removal of these pages only after being put on notice of Plaintiff's rights and demands serves as Defendants' acknowledgment of its infringing activities.

27. Since the parties have been providing identical services in New Jersey (approximately 25 miles from one another), there is no question that Defendants' services provided under the Infringing Marks are directed toward the same class of consumers, such that Plaintiff and Defendants are unquestionably in competition with respect to their respective services.

28. The parties' respective medical practices now appear together in Internet search results and medical provider listings. In fact, Plaintiff has already received inquiries from trusted vendors expressing actual confusion between Plaintiff and Defendants.

29. Defendants' use of the virtually identical Infringing Marks is likely to cause confusion, mistake, or deception as to the source or origin of Defendants' services. As a result of Defendants' use of the Infringing Marks in connection with services that are identical to a significant portion of Plaintiff's Services, consumers are likely to believe that Defendants' services are provided by,

10

sponsored by, endorsed by, approved by, licensed by, or in some other way legitimately connected to Plaintiff, which they are not.

30.    Defendants' acts complained of hereinabove are unlawful, willful, and knowingly performed with the intent and result of injuring Plaintiff.

31.    Defendants' continued use, marketing and promotion of the Infringing Mark will result in the misappropriation of and the profiting off the goodwill of Plaintiff, as consumers are likely to be diverted to Defendants' services in their initial purchasing efforts resulting in initial interest confusion.

32.    As a result of Defendants' conduct, Plaintiff has been seriously and irreparably harmed, and, unless this Court enjoins Defendants' wrongful acts, Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law.

## COUNT I

## UNFAIR COMPETITION UNDER THE LANHAM ACT

33.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if they were set forth in full herein.

34.    Defendants, through the conduct described above, are providing services under a mark that is a colorable imitation of Plaintiff's protectable mark, which is likely to cause confusion or mistake and/or to deceive in violation of the Lanham Act Section 43(a) (15 U.S.C. § 1125(a)).

11

35.    Upon information and belief, Defendants have committed such acts of false designation of origin and false description and representation willfully and with full knowledge of Plaintiff's prior use, and common law rights in and to, Plaintiff's Mark.

36.    As a result of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

## COUNT II

## COMMON LAW SERVICE MARK INFRINGEMENT AND UNFAIR COMPETITION

37.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if they were set forth in full herein.

38.    Defendants' aforesaid acts constitute infringement of Plaintiff's rights in Plaintiff's Mark and tend to falsely describe or represent that Defendants' services are provided by, or sponsored by, or approved by, or endorsed by, or licensed by, or affiliated with or in some other way legitimately connected to Plaintiff and are of the same character, nature, and quality as the goods provided by Plaintiff, thereby damaging Plaintiff's reputation.

39.    Defendants' aforesaid acts constitute acts of unfair competition against Plaintiff under the common law of the State of New Jersey, which acts

12

have been committed knowingly and willfully and have injured Plaintiff in its trade and business.

40. By reason of the aforesaid acts, Defendants have caused damage to Plaintiff and the goodwill associated with Plaintiff's Mark.

41. As a result of Defendants' acts of unfair competition, Plaintiff has suffered and will continue to suffer serious and irreparable harm for which there is no adequate remedy at law.

### COUNT III

### UNFAIR COMPETITION UNDER N.J.S.A. § 56:4-1

42. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if they were set forth in full herein.

43. Defendants' unauthorized use of the Infringing Mark falsely indicates that Defendants are connected with, sponsored, endorsed, authorized, approved by, or affiliated with Plaintiff, which they are not.

44. Defendants' unauthorized use of the Infringing Marks is likely to cause confusion, mistake, or deception as to the source or affiliation of Defendants' services.

45. Defendants' unauthorized use of the Infringing Marks allows Defendants to receive the benefit of the goodwill in Plaintiff's Mark, which Plaintiff has established at great labor and expense.

13

46.    Defendants' aforesaid acts constitute unfair competition in violation of the New Jersey Unfair Competition Statute (N.J.S.A. § 56:4-1) and the common law of the State of New Jersey.

47.    Defendants' aforesaid acts were and are committed willfully.

48.    As a result of Defendants' actions, Defendants are being unjustly enriched.

49.    As a result of Defendants' acts complained of herein, Plaintiff has been harmed in an amount to be determined at trial and will continue to be harmed and will suffer irreparable injury unless Defendants are enjoined from the foregoing actions.

## COUNT IV

### INJUNCTION

50.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of the Complaint as if they were set forth in full herein.

51.    Plaintiff will be irreparably harmed if Defendants are not enjoined from using the Infringing Mark in connection with the provision of any goods or services.

52.    Customers and potential customers of Plaintiff's and Defendants' services will be confused if Defendants are not enjoined from using the Infringing Marks.

53.    Plaintiff does not have an adequate remedy at law for Defendants' ongoing misconduct, and entry of an injunction will serve the public interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor and against Defendants as follows:

1.    That Defendants and each of their principals, officers, agents, servants, distributors, affiliates, employees, attorneys, team members, and representatives and all those in privity or acting in concert with Defendants, and each of them, be permanently enjoined and restrained from, directly or indirectly:

(a)    Using the Infringing Marks or any other mark or marks confusingly similar thereto, alone or in combination with other words, names, styles, titles, designs, or marks in connection with the provision of its goods and services;

(b)    Using in any other way any other marks or designations so similar to the aforesaid Plaintiff's Mark as to be likely to cause confusion, mistake or deception;

(c)    Falsely designating the origin, sponsorship, or affiliation of the Defendants' goods or services in any manner;

(d)    Otherwise competing unfairly with Plaintiff in any manner;

15

(e)    Using any words, names, styles, designs, titles, designations, or marks which create a likelihood of injury to the business reputation of Plaintiff and the goodwill associated therewith;

(f)    Using any trade practices whatsoever including those complained of herein, which tend to unfairly compete with or injure Plaintiff's business and goodwill pertaining thereto;

(g)    Using any trade practices whatsoever including those complained of herein, which tend to deceive their intended audience; and

(h)    Continuing to perform in any manner whatsoever any of the acts complained of in this Complaint.

2.    That the Defendants be required to pay to Plaintiff compensatory damages for the injuries sustained by Plaintiff in consequence of the unlawful acts alleged herein.

3.    That the Defendants be required to account for and pay over to Plaintiff all gains, profits and advantages derived from the unlawful activities alleged herein.

4.    That Defendants be required to deliver for destruction all stationery, signs, advertisements, promotional flyers, cards, brochures, promotional materials, and any other written materials which bear the Infringing Marks or any other mark or marks confusingly similar thereto, alone or in combination with other words, names, styles, titles, designs, or marks, together with all plates,

16

molds, matrices and other means and materials for making or reproducing the same.

5.   That Defendants be required to remove any and all online use of the Infringing Marks or any other mark or marks confusingly similar thereto, alone or in combination with other words, names, styles, titles, designs or marks, including via any and all of their websites, social media accounts or otherwise, and that Defendants be required to take steps necessary to remove any use of the Infringing Marks, or any other mark or marks confusingly similar thereto, alone or in combination with other words, names, styles, titles, designs or marks, that is associated with any of Defendants' advertised goods or services on any third party website or online source.

6.   That the Defendants be required to pay to Plaintiff all of its litigation expenses, including but not limited to reasonable attorneys' fees and the costs of this action.

7.   That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

CHIESA SHAHINIAN & GIANTOMASI
  PC

*Attorneys for Plaintiff*


By:     /s/  *A. Ross Pearlson*
        A. ROSS PEARLSON
        PETER E. NUSSBAUM
        JOSHUA M. LEE

Dated:  April 6, 2026

18

## JURY DEMAND

Plaintiff demands trial by jury of all claims and defenses in this action so triable.

CHIESA SHAHINIAN & GIANTOMASI PC

By:    /s/ *A. Ross Pearlson*
A. ROSS PEARLSON
PETER E. NUSSBAUM
JOSHUA M. LEE

Dated: April 6, 2026

19

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

I certify that this matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding; no other action, arbitration or administrative proceeding is contemplated to my knowledge; and I know of no other parties who should be joined in this action at this time.

CHIESA SHAHINIAN & GIANTOMASI PC

By:     /s/   *A. Ross Pearlson*
A. ROSS PEARLSON
PETER E. NUSSBAUM
JOSHUA M. LEE

Dated: April 6, 2026